No. 20,837.

R. A. MORRIS, *Appellant,* v. JAMES D. IBACH, *Appellee.*

SYLABUS BY THE COURT.

CONTRACT—*Breach*—*Findings of Fact*—*Conclusive on Appeal.* A question of fact determined by the trial court on sufficient evidence is not disturbed on appeal.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 10, 1917. Affirmed.

*N. A. Yeager,* and *R. A. Cox,* both of Augusta, for the appellant.

*G. A. Chappel,* of Newkirk, Okla., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by R. A. Morris against James D. Ibach to recover damages for the alleged breach of a contract to deliver three acetylene generators purchased from the defendant. Plaintiff appeals from the judgment in defendant's favor.

About February, 1913, plaintiff bought a stock of hardware from the defendant, who had previously bought the same from one named Daniels. Included in the invoice of the stock of goods sold were four acetylene generators, three of which were still at the factory of the Wichita Acetylene Generator Company, from which Daniels had originally purchased them. At the time of the sale plaintiff was informed that three of the generators were still at the factory, being held subject to the owner's order, and that he could get them any time he would order them. For this purpose Daniels gave plaintiff an order upon the generator company for the delivery of the generators to plaintiff. Plaintiff based his action on the ground that defendant did not have full title to the generators when the sale was made and that plaintiff was unable to get possession of them from the generator company. He testified that upon presentation of defendant's order the generator company refused to deliver the property, stating that the generators were not fully paid for by Daniels and that the

company was entitled to enforce certain contract rights under which they were sold to Daniels. He also testified to other unsuccessful attempts to get possession of the generators. On the other hand, there was evidence to the effect that the generators were fully paid for by Daniels in October, 1912, which was before he sold the stock to the defendant; that the generator company always recognized plaintiff as the owner of the generators, held them subject to his order, and had never refused to deliver them to him; but that instead of taking possession of them he had attempted to get the generator company to buy them back from him. The trial was before the court alone and only a general finding for defendant was made.

The decision of the case turns upon the disputed question of fact. There was some confusion and much conflict in the testimony. Sufficient evidence was offered tending to show that the plaintiff had obtained a complete title to the generators, that they were held subject to his order, and that he could have had possession of them if he had chosen to take it. He appeared to proceed upon the theory that he had ownership and control of them when he attempted to sell them to the company. The trial court settled the dispute adversely to the plaintiff's contention, and its finding is well supported by the evidence.

Judgment affirmed.